No. 12,947.

EQUITABLE LIFE AND CASUALTY INSURANCE COMPANY *v.*
BRENNAMAN.
(27 P. [2d] 755)

Decided December 11, 1933.

Mr. S. S. PACKARD, for plaintiff in error.

Messrs. PILCHER & MOYERS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error was plaintiff in the trial court where he filed his complaint, as beneficiary, for recovery on a policy of accident insurance issued to his son, Theodore Brennaman, on the 14th day of February, 1929, by the defendant, who is plaintiff in error here. On a judgment for plaintiff for $2,000, the face of the policy, the defendant assigns error.

Plaintiff's amended complaint contained the following pertinent paragraph: ''That said Theodore Brennaman died on the 29th day of May, 1929, from bodily injuries

32

sustained through accidental means by reason of having been shot through the head by a bullet from a firearm in the hands of party whose name plaintiff does not know.''

The defendant denied this allegation and further answered that: ''Theodore Brennaman came to his death aforesaid by suicide, within less than one year after the issuance of said policy of insurance, and that such death within said time is expressly excepted from the liability of defendant under said policy.''

The replication was not verified, but denied this allegation of the answer. The issue was thereupon made and resolved itself into the cause of death and as to whether or not it was within the provisions of the accident policy. A copy of the policy was made a part of the complaint. On stipulation, the case was tried to the court without a jury.

The errors assigned by plaintiff in error are to the general effect that the court erred in rejecting certain evidence offered, and that the judgment of the court in favor of the plaintiff was not supported by the evidence.

At the close of the trial, the following significant colloquy occurred between the court and counsel for the defendant:

''The Court: I can't help from saying an occurrence such as this appears to have been, appears to be susceptible of a whole lot more evidence than has been submitted in this case.

''Mr. Packard: I think so too, but the people in Fort Garland are afraid to talk and the case was set just a week ago and other witnesses have moved away from Ft. Garland and cannot be located. I would like to have it appear in the evidence that doctor Medill is dead if it don't appear.''

After a careful examination and study of the entire record in this case, we feel that the trial court has already in a very timely way expressed our view of this case. The entire testimony offered is rather brief and not of an enlightening character. We find no error in

the admission or rejection of evidence. The court had the opportunity to observe the witnesses who testified and from that observation and the demeanor of the witnesses, it was able, after a full consideration of the case, to arrive at its conclusion based upon conflicting evidence, which in our opinion was sufficient to sustain the findings and judgment. Such findings are conclusive on this court.

This is in accord with the long established rule in this state, well stated in the case of *McCall v. France*, 11 Colo. 333, 17 Pac. 912, and followed in many cases thereafter.

Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.